IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. GIDEON, | ) | CASE NO. 3:21CV2087 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| LIMA MUNICIPAL COURT, | ) | |
| | ) | **REPORT AND RECOMMENDA-** |
| Respondent. | ) | **TION RE EMERGENCY MO-** |
| | ) | **TION FOR BOND** |

**I.**

Two weeks ago, James A. Gideon filed a petition pursuant to 28 U.S.C. § 2254 to seek relief from three 2018 misdemeanor convictions for sexual imposition involving inappropriate touching of patients during office visits.[1]  Gideon is a retired rheumatologist.[2] According to the record before me, a Lima Municipal Court judge imposed a jail sentence of 180 days, but stayed execution of the sentence pending direct appeals.  Although Gideon won a reversal of the convictions in the state court of appeals, the Supreme Court of Ohio reversed and remanded.  The state court of appeals then affirmed the three convictions, and the Supreme Court of Ohio declined jurisdiction when the case reached the state's high court the second time.  Gideon exhausted his direct appeals when he unsuccessfully filed

---

[1] ECF #1, at 1.
[2] ECF #4, at 2.

1

for a writ of certiorari with the Supreme Court of the United States.[3]  Other than these direct appeals, Gideon has not filed any other petitions, applications, or motions concerning his judgment of conviction in any Ohio court.[4]

The day after Gideon filed his federal habeas petition, the municipal judge revoked Gideon's bond, and ordered that he report to the Allen County Justice Center on November 19, 2021 at 10:00 a.m. to begin serving his sentence.[5]  On November 12, 2021, Gideon filed an emergency motion for bond pending adjudication of his federal habeas petition.[6] On November 17, 2021, respondent Lima Municipal Court opposed Gideon's motion.[7]

This case is referred to me by operation of the Court's local rules.[8]  On November 8, 2021, I issued a show cause order giving Lima Municipal Court 23 days to respond to the petition.[9]  The time for responding to the petition has not yet run, and Lima Municipal Court has not yet filed its answer or otherwise responded to the petition.

Gideon effectively seeks injunctive relief to stop the municipal court order requiring him to begin serving his sentence.  My authority, therefore, is limited to issuing a report and recommendation on his motion.[10]  Because Gideon has shown neither a substantial claim of law based on the facts surrounding his petition nor the existence of circumstances

---

[3] ECF #4-1, at 1-2.
[4] ECF #1, at 3, 6, 7, 9, 10.
[5] *Id.* at 2.
[6] ECF #4.
[7] ECF #5.
[8] Local Rule 72.2.
[9] ECF #3.
[10] 28 U.S.C. § 636(b)(1)(A).  *See also Pettus v. Warden, Franklin Med. Ctr.*, No. 1:20-CV-187, 2020 WL 1698334, at *1 (S.D. Ohio Apr. 8, 2020).

making his motion exceptional and deserving of special treatment in the interests of justice,
I recommend that his motion be denied.

## II.

This case reaches that relatively rare set of circumstances in federal habeas law
where the petitioner's prison sentence is so short that it could be served well before briefing
is completed just on the petition alone.  Neither party contests this Court's authority to
grant a bond to a petitioner in these types of cases.  Gideon fails, however, to show that his
particular circumstances are so unusual or exceptional as to warrant the relief he seeks.  His
problem is actually twofold.

*Exhaustion requirements.*  First, his petition "shall not be granted unless it appears
that . . . the applicant has exhausted the remedies available in the courts of the State."[11]  By
his own admission, Gideon has not attempted any post-conviction relief in Ohio courts.[12]
He gives no explanation why he has not pursued this avenue.[13]  He also gives no
explanation why he has not tried to seek from any Ohio court a stay of the municipal court
order rescinding his bond.  His failure in this regard lends considerable credence to Lima
Municipal Court's argument that Gideon is using this federal habeas corpus proceeding "to
delay the sentence of the trial court for even more years, such that he may never have to
actually serve out his sentence."[14]

---

[11] 28 U.S.C. § 2254(b)(1)(A).
[12] ECF #1, at 3, 6, 7, 9, 10.
[13] *See, e.g.,* Ohio Rev. Code Ann. § 2953.21 (West), Post conviction relief petition.
[14] ECF #5, at 3.

As is often the case in federal habeas law, there is an exception to the general rule. And so it is with the exhaustion requirement.  Gideon can sidestep this requirement if he can show unusual or exceptional circumstances.[15]  But this exception "is fairly narrow and the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only."[16]

I find that Gideon fails to present unusual or exceptional circumstances of the sort that would allow his failure to exhaust state court remedies to be overlooked.  In fact, "the interests of comity and federalism will be better served" by addressing the merits of his petition or even by dismissing his petition in favor of final adjudication by Ohio courts.[17] His petition presents an evidentiary issue regarding the admission of allegedly compelled statements Gideon made to the state medical board investigator (Ground One), the erroneous joinder of separately filed sexual imposition charges (Ground Two), erroneous jury instructions and prosecutorial misconduct (Ground Three), and insufficiency of the evidence to convict him (Ground Four).  None of these grounds stands out as being exceptional or unusual matters of either state or federal law.  The facts attached to these grounds similarly present nothing unusual or exceptional as to warrant exempting Gideon from the exhaustion requirement.

Gideon spends most of his brief arguing why either the municipal court or the court of appeals or the Supreme Court of Ohio was/is right.  Where Gideon stands depends on

---

[15] *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Puertas v. Overton*, 272 F. Supp. 2d 621, 627 (E.D. Mich. 2003).
[16] *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996).
[17] *Granberry*, 481 U.S. at 134.

whether the state court in question ruled in his favor.  Sometimes he's one or the other court's biggest fan.  Sometimes he's its worst critic.[18]  That's not unusual at all in federal habeas litigation.  That merely indicates disagreements over state law.  But disagreements over state law are the quintessential reason for the exhaustion requirement in the first place.  "The exhaustion requirement is based on principles of comity and federalism.  It provides state courts an opportunity to address alleged flaws in their criminal procedures.  The requirement is based on the presumption that states maintain adequate and effective remedies to vindicate federal constitutional rights"[19]

My finding in this regard leads me to conclude that Gideon also fails to make a showing that he is likely to succeed on the merits as the law requires before I can recommend the relief he seeks.[20]  He is undoubtedly dissatisfied with the ruling the Supreme Court of Ohio made in his case—but apparently not so much so as to ask for reconsideration or a stay of that ruling.  The same thing, however, could be said of almost every other petitioner under 28 U.S.C. § 2254 who believes the state law applied in his or her case violates a constitutional or other federal law principle.

*Bond requirements.*  The second problem Gideon faces is similar to the first.  The Supreme Court has recognized "the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts."[21]  This law, though, bumps

---

[18] *See, e.g.*, ECF #4, at 11, 13 and 14, 16, 18.
[19] *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) (*citing Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992)).
[20] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).
[21] *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

into another exception to the federal habeas rules.  A District Court can stay a state court sentence—the equivalent in this instance of granting the bond Gideon requests—if the balance of four factors weighs in the petitioner's favor: whether there is a likelihood the petition will succeed on the merits; whether there is a likelihood the petitioner will suffer irreparable harm absent a stay; whether the stay will cause substantial harm to others; and whether the injunction would serve the public interest.[22]

Lima Municipal Court's argument with regard to these four factors[23] persuades me that on balance they weigh in favor of the respondent position in this case.  A state court of appeals (once) and the Supreme Court of Ohio (twice) have already rejected Gideon's arguments, and he was unsuccessful in his attempt to have the Supreme Court hear his case. The State of Ohio as well as its populace have an interest in seeing that a sentence imposed in 2018 is finally served, and that the judgments issued by the three levels of the state court system are enforced.

Still, Gideon presents a practical argument that is somewhat lost in his efforts to convince me of the legal correctness of his position on Ohio law.  At bottom, his motion raises a question of fairness.  The question his motion poses is this: Isn't it unfair that, absent a stay, he could possibly serve most if not all of his 180-day sentence before his federal habeas petition is finally resolved, especially if the petition is denied and he appeals?

To get traction on this argument, Gideon " 'must be able to show not only a

---

[22] *Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007).
[23] ECF #5.

substantial claim of law based on the facts surrounding the petition but also the existence of some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.  There will be few occasions where a prisoner will meet this standard.' "[24]  The law leans against Gideon's request especially given the fact that the legal issues his petition presents have already been adjudicated on direct appeal all the way up to (but in the end not including) the Supreme Court.  "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."[25]

That leaves Gideon's age and health concerns—the practical concerns that are likely fueling Gideon's motion more than anything else.  Aren't those concerns exceptional enough to entitle his case to special treatment in the interests of justice?

Certainly courts have recognized that these kinds of concerns can be in some instances legitimate bases from granting petitioners bonds.[26]  Gideon does a nice job presenting his physical ailments, but none of them appears to require ongoing medical

---

[24] *Puertas*, 272 F. Supp. 2d at 630 (*quoting Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (internal quotation and citations omitted).  *Accord Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) ("[t]here will be few occasions where a prisoner will meet [the]standard [for bail]").  *See also Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021) (holding that some aspects of the opinion in *Lee* were superseded by AEDPA, but not the portions of the opinion applicable here).

[25] *Lee*, 989 F.2d at 871.

[26] *See, e.g., Puertas*, 272 F. Supp. 2d at 628–29 (granting release where exceptional circumstances were presented by a 76-year-old petitioner with severe coronary artery disease and being treated for aggressive bladder cancer who was to be incarcerated in a state prison that had numerous recent instances of substandard medical care).

attention for the next 180 days.[27]  Furthermore, he won't be the only prisoner with mobility problems.  Even the use of a walker in prison is not that unusual.  Some prisoners need crutches or a wheelchair to get around.  While mobility is difficult under those circumstances, these types of situations are  nevertheless not exceptional or unusual in the context of prison life.  Finally, Gideon does not claim that the facility where he will serve his time has substandard medical care.

Gideon's motion in the end rests on the notion of irreparable injury to him.  If he's right on the law and wins his petition, then his serving the prison sentence ordered in 2018 harms his personal interests.  But if that alone were sufficient to claim irreparable harm as the law requires, "then every habeas petitioner would prevail on this prong of the *Workman* [*v. Bell*] test."[28]  The reality is that "[b]ecause of the current structure of habeas corpus litigation, few litigants with misdemeanor or relatively short felony sentences will reach habeas court before they have spent considerable time behind bars."[29]  That practical reality, though, doesn't change the applicable law.

### III.

Accordingly, because Gideon has failed to show a substantial claim of law based on the facts surrounding his petition and has failed to demonstrate that his case presents unusual or exceptional circumstances, I recommend that his emergency motion for bond

---

[27] ECF #4, at 4.
[28] *Pettus*, 2020 WL 1698334, at *3.
[29] *Id.*

pending adjudication of this petition[30] be denied.

Dated: November 19, 2021                              s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge

---

[30] ECF #4.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of service of this notice.  Failure to file timely objections within the specified time shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.[*]

---

[*] *See* Local Rule 72.3; *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).