IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMES A. GIDEON,**  CASE NO. 3:21 CV 2087

    Petitioner,

    v.  JUDGE JAMES R. KNEPP II

**SHERIFF MATTHEW B. TREGLIA,**

    Respondent.  **ORDER**

## INTRODUCTION

Currently pending before the Court in this 28 U.S.C. § 2254 habeas case is Magistrate Judge William H. Baughman, Jr.'s Report and Recommendation (Doc. 7) that Petitioner's Emergency Motion for Bond (Doc. 4) be denied. Petitioner has filed Objections (Doc. 10), Respondent has filed a Response (Doc. 13), and Petitioner replied (Doc. 14). Petitioner has also filed a Motion for a Conference or Hearing (Doc. 11). For the reasons discussed below, the Court denies Petitioner's Motion for a Conference, overrules Petitioner's Objections, and adopts the R&R's recommendation that Petitioner's Motion for Bond be denied.

## BACKGROUND

The R&R sets forth the factual and procedural history of this case. *See* Doc. 4, at 1-2. Namely, Petitioner (a retired rheumatologist) was convicted in 2018 of three misdemeanor crimes for sexual imposition involving inappropriately touching patients during office visits. *See id.* at 1. Following the expiration of his appeals, Petitioner filed a habeas petition with this Court in November 2021. (Doc. 1).

Shortly thereafter, Petitioner filed an Emergency Motion seeking release on bond until the pending petition is adjudicated. He asserts his Petition shows a substantial claim of law and exceptional circumstances warrant his release. Specifically, Petitioner cites his advanced age and deteriorating physical health, combined with his relatively brief (180-day) sentence as exceptional circumstances. *See generally* Doc. 4, at 4.

Judge Baughman issued an R&R recommending denial of Petitioner's motion for release. He found Petitioner failed to exhaust all post-conviction remedies at the state court level, and failed to show the necessary substantial claim of law or exceptional circumstances necessary to justify release in a habeas case. *See* Doc. 7.

Petitioner has since filed an objection to the Report and Recommendation (Doc. 10), to which Respondent has responded (Doc. 13) and Petitioner has replied (Doc. 14).

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Petitioner makes several objections to the Report and Recommendation. (Doc. 10). He contends the R&R applies the wrong standard of review and incorrectly assumes Petitioner failed to exhaust his state remedies. *Id*. He further contends the R&R's rejection of Petitioner's cited

2

exceptional circumstances for release is unreasonable. *See id.* In response, Respondent contends the correct legal standard was applied and the "magistrate judge reviewed the very factors cited by [Petitioner], and recommended denying his motion." (Doc. 13, at 2) (citing Doc. 7, at 7-8).

"Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case." *Greenup v. Snyder*, 57 F. App'x 620, 621 (6th Cir. 2003) (citing *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir. 1993)). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee*, 989 F.2d at 871. A habeas petitioner must show "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the in the interest of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct 3, 5 (1964) (Douglas, J., in Chambers)). The Sixth Circuit recognized in *Dotson* that there would "be few occasions where a prisoner will meet this standard" and that "as a practical matter, the motions for bail will be denied in most of the habeas proceedings." *Id.*

For the reasons stated below, the Court overrules Petitioner's objections and adopts the R&R's recommendation that Petitioner's motion be denied.

<u>Substantial Claim</u>

Petitioner asserts his Petition raises four substantial claims of law that support his motion for bond: (1) improper admission of inculpatory statements made to state medical board investigator; (2) improper joinder of separately-filed criminal complaints; (3) improper jury instruction and prosecutorial misconduct; and (4) insufficient evidence. (Doc. 1, at 2). For his

"substantial claim" argument, Petitioner relies primarily on his first claim – the admission of his inculpatory statements. *See* Doc. 14, at 4.

By way of background, the Third District Court of Appeals originally overturned Petitioner's convictions on appeal, finding Petitioner's statements were not voluntary and should have been suppressed by the trial court. *See State v. Gideon*, 130 N.E.3d 357, 370-80 (Ohio Ct. App. 2019). But the Supreme Court of Ohio reversed and remanded on this issue, finding the statements voluntary and not the product of coercion. *State v. Gideon*, 165 Ohio St. 3d 142, 144-49 (Ohio 2020); *State v. Gideon*, 165 Ohio St. 3d 156 (Ohio 2020) (superseding opinion on reconsideration). On remand from the Ohio Supreme Court, the Court of Appeals rejected the other claims Petitioner now raises and affirmed his conviction. *See State v. Gideon*, 174 N.E.3d 381 (Ohio Ct. App. 2021). The Supreme Court of Ohio declined to hear the case a second time on appeal from that decision, *State v. Gideon*, 165 Ohio St. 3d 1424 (Ohio 2021) and Petitioner's subsequent writ of certiorari was denied by the Supreme Court of the United States, *Gideon v. Ohio*, 142 S. Ct. 96 (2021).

This Court finds Petitioner has not satisfied the first *Dotson* prong. At the outset, the standard of review applied to a federal habeas corpus petition is an "exacting" one. *Bush v. Warden, S. Ohio Corr. Facility*, 573 F. App'x 503, 513 (6th Cir. 2014). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Petitioner must show the state court's "presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (citing 28 U.S.C. § 2254(e)(1)).

4

Petitioner has already litigated his case through the State courts and to the United States Supreme Court. Both the Ohio Supreme Court and the Third District Court of Appeals have heard Petitioner's grounds for relief and each court offering their last reasoned opinion rejected them on the merits.[1] Petitioner is now challenging a presumptively valid state court conviction. Because of the "high level of deference afforded state court decisions and factual findings on habeas review", and upon review of Petitioner's substantive claims – including an examination of the prior State court decisions in Petitioner's case – the Court finds Petitioner's grounds for relief do not raise a substantial claim on the merits. *See, e.g., Stermer v. Warren*, 2017 WL 5712894 (E.D. Mich.) (finding Petitioner's motion for bond were not "of such weight or merit" to overcome the high level of deference afforded to state court decisions).

Exceptional Circumstances

Petitioner also asserts the R&R's rejection of exceptional circumstances in this case was unreasonable. (Doc. 10, at 5-6). He argues his worsening health serves as an exceptional circumstance in conjunction with his misdemeanor-level convictions and short sentence. *Id*. at 6. In response, Respondent argues that if Petitioner's circumstances – a short sentence and age/poor health – were considered "extraordinary", the standard for obtaining release on bond in a habeas case would no longer be a "high bar" (that the standard anticipates) to meet. (Doc. 13, at 4). The Court agrees with Respondent.

Even assuming, *arguendo*, Petitioner could satisfy the first *Dotson* prong and show a substantial claim on the merits, the Court agrees with the R&R's conclusion that he has not shown his circumstances are so "exceptional" as to justify relief. *See* Merriam-Webster Online

---

1. The state court addressed the jury instruction portion of Petitioner's third claim on the merits, and his argument regarding prosecutorial misconduct in closing argument on plain error review. *State v. Gideon*, 174 N.E.3d 381 (Ohio Ct. App. 2021)

5

Dictionary, https://www.merriam-webster.com/dictionary/exceptional (defining "exceptional" as "forming an exception: RARE"). Courts have limited exceptional circumstances warranting release during review "to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Blocksom v. Klee*, 2015 WL 300261, at *4 (E.D. Mich.).

Petitioner's first justification for his release is the length of his sentence. The Court acknowledges a short sentence can be a basis for release but finds it does not, on its own, justify release in these circumstances. *See Stell v. Myers*, 2011 WL 884825 at *1 (D. Or.) ("petitioner's relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention."); *United States v. Stevens*, 2017 WL 2362852 at *2 (N.D. Okla.) ("[A]lthough a short sentence is a relevant consideration in determining whether exceptional circumstances exist, a one-year sentence, on its own, does not rise to the level of 'truly unusual.'"); *Ancona v. Lantz*, 2005 WL 839655, at *10 (D. Conn.) (denying bail to a prisoner serving a six-month sentence with three months remaining in the sentence).

Petitioner also contends his health conditions – including his age, diabetic status, atrial fibrillation, cardiomegaly, and numerous surgeries to correct his spine and ankle – are exceptional circumstances. (Doc. 4, at 4). Petitioner also states his mobility is limited. *Id*. Petitioner's physician noted Petitioner has a greater risk of worsening disc and nerve disease in his back in a prison setting. (Doc. 4-1, at 7a). Additionally, he opines Petitioner is at risk of falling and suffering serious injuries. *Id*. While this Court is sympathetic to Petitioner's health concerns, these conditions are likely shared by many inmates throughout the prison population.

6

Based on precedent, Petitioner's health conditions do not meet the "high bar" standard to be an exceptional circumstance on their own. *See Jefferson v. Ohio*, 2020 WL 1983065 (N.D. Ohio) (petitioner suffered from bronchitis and epilepsy and was denied release based on fear of COVID-19-related outcomes); *McNaught v. United States*, 2009 WL 1181266, at *2 (S.D.N.Y.) (petitioner suffering from a stroke, vertigo and dizziness caused by Meniere's Syndrome, and a major depressive disorder did not constitute extraordinary circumstances); *Centofanti v. Neven*, 2020 WL 2114360 (D. Nev.) (no exceptional circumstances for petitioner with stage four Hodgkin's lymphoma, diminished lung capacity, and a possible undiagnosed heart condition fearing high risk of complications from COVID-19). Even considering Petitioner's short sentence and health conditions in tandem, this Court cannot conclude these are special circumstances warranting release.

Petitioner cites *Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mich. 2003) to support his argument. (Reply in Support of Objections, Doc. 14, at 2). In that case, the Court held that a 76-year-old petitioner's life-threatening bladder cancer and heart disease constituted exceptional circumstances and granted his release on bond. *Puertas*, 272 F. Supp.2d at 631. Petitioner argues his circumstances are "surely as exceptional as those of the petitioner in *Puertas*." (Reply in Support of Objections, Doc. 14, at 2). This Court does not agree. In a later case heard by the same court, a petitioner sought release on bond due to health concerns arising from an eye condition. *See Couch v. Trombley*, 2007 WL 2259110 (E.D. Mich.). The court denied the motion for bond because the petitioner's condition "[was] not dire nor life-threatening[.]" *Id*. This is more analogous to the case at hand. While the Court acknowledges Petitioner's health concerns are serious, he has not shown them to be dire nor life-threatening.

Petitioner has not shown he has a substantial claim, or deteriorating health conditions sufficient to warrant release pending review. Therefore, the Court finds this is not the "very unusual case", *Lee*, 989 F.2d at 871, where a habeas petitioner should be released pending a determination on the merits.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's Objections to the R&R (Doc. 10), be and the same hereby are, OVERRULED; and it is therefore

FURTHER ORDERED that Petitioner's Emergency Motion for Bond (Doc. 7) be, and the same hereby is, DENIED, and it is

FURTHER ORDERED that Petitioner's Motion for a Conference or Hearing (Doc. 11), be and the same hereby is, DENIED.

       s/*James R. Knepp II*
       UNITED STATES DISTRICT JUDGE