IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JAMES A. GIDEON,** | CASE NO. 3:21 CV 2087 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MATTHEW B. TREGLIA, SHERIFF,** | |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

Petitioner James A. Gideon ("Petitioner"), a prisoner in state custody at the time of filing, filed a counseled Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2).[1] On May 10, 2024, Judge Armstrong issued an R&R recommending the Petition be dismissed and/or denied. (Doc. 23). Petitioner, through counsel, filed objections to the R&R. (Doc. 26).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies the Petition. The Court also denies Petitioner a certificate of appealability.

## BACKGROUND

This habeas case, filed on November 4, 2021, stems from Petitioner's convictions on three third-degree misdemeanor counts of sexual imposition in violation of Ohio Revised Code § 2907.06(A)(1). (Doc. 1, at 1). In his Petition, he raised four grounds for relief:

---

1. The case was originally referred to Magistrate Judge William H. Baughman, Jr.; it was subsequently referred to Judge Armstrong upon Judge Baughman's retirement.

**Ground One**: The prosecution's use of Petitioner's compelled statements to a state medical board investigator to convict him violated his 5th and 14th Amendment privilege against self-incrimination.

**Ground Two:** The erroneous joinder of separately-filed sexual imposition charges for trial violated [] Petitioner's 6th and 14th Amendment right to due process and a fundamentally fair trial.

**Ground Three:** Erroneous jury instructions and prosecutorial misconduct violated Petitioner's 6th and 14th Amendment right to due process and a fundamentally fair trial.

**Ground Four:** Petitioner's conviction for the sexual imposition charge relating to M.M. was not supported by evidence sufficient to satisfy the requirements of the Due Process Clause of the 14th Amendment.

(Doc. 1, at 5, 7, 8, 10).

In her R&R, Judge Armstrong recommends the Court deny all four grounds for relief on the merits. *See* Doc. 23.

### STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General

objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

### DISCUSSION

Petitioner's objection focuses exclusively on the R&R's resolution of Ground One, the Fifth Amendment claim. *See* Doc. 23. He contends the Ohio Supreme Court's decision represents an unreasonable application of the United States Supreme Court's decisions in *Garrity*, *Spevack*, and *Murphy*. Petitioner presents two specific arguments. First, he argues the R&R incorrectly concluded that the Ohio Supreme Court properly applied *Murphy*; he contends the Ohio court improperly required proof of an explicit threat to trigger the *Garrity* rule. Second, he contends the R&R incorrectly concluded that the Ohio Supreme Court held the imposition of a penalty must be absolutely certain for *Garrity*/*Spevack* to apply. The Court addresses each argument in turn.

Petitioner first argues that the R&R failed to address the core issue of his Petition, asserting the Ohio Supreme Court paid mere "lip service" to *Murphy's* inclusion of implied economic threats in the *Garrity* analysis while effectively applying a standard requiring an explicit disciplinary

3

threat. (Doc. 26, at 5). The Court disagrees with Petitioner on this point and finds the R&R correctly analyzed the Ohio Supreme Court holding.

Before addressing Petitioner's arguments, the Court first reiterates pertinent case law. In *Garrity*, the Supreme Court held that statements made by state employees under threat of significant penalties — such as job loss — violate the Fifth Amendment's protection against self-incrimination and thus cannot be used in criminal trials. *Garrity v. New Jersey*, 385 U.S. 493, 497 (1967). *Spevack* extended this rule to include the threat of disciplinary proceedings against individuals who are licensed by the state, including where the individual is threatened with the loss of that license. *Spevack v. Klein*, 385 U.S. 511, 515 (1967). *Murphy* further extended these principles to situations involving implicit coercion. In *Murphy*, the Supreme Court stated that there was "a substantial basis in our cases for concluding that if the state, *either expressly or by implication*, asserts that invocation of the privilege would lead to the revocation of probation, it would have created the classic penalty situation, the failure to assert the privilege would be excused, and the probationer's answers would be deemed compelled and inadmissible in a criminal prosecution." *Minnesota v. Murphy*, 465 U.S. 420, 435 (1984) (emphasis added).

The Ohio Supreme Court acknowledged Gideon's property interest in his medical license and recognized that potential license revocation could represent coercion impacting his Fifth Amendment privilege. Contrary to Petitioner's contention, the R&R correctly noted, and this Court agrees, that in looking at the decision as a whole, the Ohio Supreme Court did not err in holding the municipal court judge did not require Petitioner to prove an explicit threat. (Doc. 23, at 23). Although the Ohio Supreme Court discussed the lack of explicit threat, it also discussed the existence of other facts which it determined rendered Petitioner's belief not objectively reasonable in its application of the "objectively reasonable" "subjective belief" test from *State v. Graham*,

136 Ohio St. 3d 125, 130-31 (2013). In applying the test, the Ohio State Supreme Court reasonably concluded Gideon's subjective belief—that refusal to answer the questions might threaten his license—was not objectively reasonable. *State v. Gideon*, 165 Ohio St. 3d 156, 161 (2020). The Court agrees with the R&R's conclusion that the Ohio Supreme Court's application of the *Graham* test is neither contrary to nor an unreasonable application of clearly established federal law, particularly because the U.S. Supreme Court has not definitively resolved whether an objective or subjective standard applies under *Garrity*. *See* Doc. 23, at 23-24 (listing different approaches courts have taken). The Court rejects Petitioner's assertion that the Ohio Supreme Court "said one thing, but . . . did something completely different" when it denied his *Garrity* claim. (Doc. 26, at 5).

Second, Petitioner asserts the R&R "misreads the state supreme court opinion" (Doc. 26, at 7) in stating that court "did not hold that imposition of a penalty must be absolutely certain" (Doc. 23, at 25). He asserts the Ohio Supreme Court's decision effectively requires a penalty's imposition to be absolutely certain before *Garrity*/*Spivak* applies. Petitioner highlights language from Ohio Revised Code § 4731.22(B) (the statute governing the licensing of physicians), which the Ohio Supreme Court cited in its opinion, that "emphasize[d] discipline under the state statute 'is not automatic,' that the investigator did not 'directly' threaten Gideon with discipline 'for failure to cooperate,' and that Gideon 'only' faced "the possibility of discipline." (Doc. 26, at 6-7). He asserts these statements reflect the state court's erroneous understanding that *Garrity*/*Spevack* only apply when penalty is certain. *Id.* The Court rejects Petitioner's assertion that the Ohio Supreme Court improperly required certainty of penalty, and instead agrees with the R&R's interpretation that while the Ohio Supreme Court noted the discretionary nature of discipline under the statute, it did so in conjunction with assessing the lack of evidence showing

5

Petitioner's subjective belief that he would lose his medical license was not objectively reasonable. *See* Doc. 23, at 25.

The Court reiterates the R&R's observations regarding Petitioner's argument that he was placed in a "classic penalty situation is not without some force" and that the case "might present a closer question" on direct review. (Doc. 23, at 25). But as the R&R correctly concludes, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner must show that the Ohio Supreme Court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Petitioner has not done so here.

Certificate of Appealability

As amended by the AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

This Court finds reasonable jurists could debate whether the Ground One – Petitioner's Fifth Amendment claim – should have been resolved in a different manner and that the issue presented is adequate to deserve encouragement to proceed further. Therefore, the Court grants a certificate of appealability as to this Ground. The Court finds Petitioner has not, however, made a

6

substantial showing of the denial of a constitutional right as to Grounds Two through Four of the Petition and denies a certificate of appealability as to those grounds.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Armstrong's R&R (Doc. 23) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that the Court GRANTS Petitioner a certificate of appealability as to Ground One of the Petition, but DENIES a certificate of appealability is denied as to the other grounds in the Petition. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

      s/ *James R. Knepp II*
      UNITED STATES DISTRICT JUDGE

      Dated: March 28, 2025